**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DAISHALYNN ACOSTA, as
personal representative for the
ESTATE OF JIMMY ACOSTA,
deceased,

    Plaintiff,

vs.                                         Case No. 3:23-cv-528-MMH-PDB

COOK INCORPORATED, COOK
MEDICAL LLC f/k/a COOK
MEDICAL INCORPORATED; and
COOK GROUP INCORPORATED,

    Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court sua sponte. Plaintiff initiated the instant action on May 3, 2023, by filing a fourteen-count complaint. See Complaint and Demand for Jury Trial (Doc. 1; Complaint). Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading." One category of "shotgun pleading" contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." See Weiland v. Palm Beach Cnty. Sheriff's

Office, 792 F.3d 1313, 1321 & n.11 (11th Cir. 2015) (collecting cases).[1]  As a result, "most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellog Corp., 305 F.3d 1293, 1295 (11th Cir. 2002).  Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id.  Here, in each count of Plaintiff's Complaint, "Plaintiff repeats and realleges all previous paragraphs . . . ." See, e.g., Complaint ¶¶ 96, 138.[2]  This manner of pleading falls squarely into the first category of impermissible shotgun pleadings. See Barmapov, 986 F.3d at 1325 (11th Cir. 2021) (describing the four general categories of shotgun pleadings) (citing Weiland, 792 F.3d at

---

[1] In Weiland, the Eleventh Circuit "identified four rough types or categories of shotgun pleadings." See Barmapov v. Amuial, 986 F.3d 1321, 1324–25 (11th Cir. 2021) (quoting Weiland, 792 F.3d at 1321).  As the Barmapov court explained,

> The first [category] is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."  The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."  The third is a complaint that does not separate "each cause of action or claim for relief" into a different count.  And the final type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

Barmapov, 986 F.3d at 1324–25 (quoting Weiland, 792 F.3d at 1321–23).

[2] Strangely, after realleging all previous paragraphs, Plaintiff then reincorporates again, for good measure, the factual background section specifically. Id.

1321–23); see also Sarhan v. Miami Dade Coll., 800 F. App'x 769, 771–72 (11th Cir. 2020) (same).

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." See Weiland, 792 F.3d at 1321 & n.9 (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources."[3] Cramer, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative and force the plaintiff to replead to the extent possible under Rule 11. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 f.3d at 1321 n.10 ("[W]e have also advised that

---

[3] Moreover, as the Eleventh Circuit has recently reiterated, "[b]esides violating the rules, shotgun pleadings also . . . 'wreak havoc on appellate court dockets, and undermine respect for the courts.'" Barmapov, 986 F.3d at 1324 (citing Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018)).

when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

Additionally, the Court notes that Plaintiff's Complaint does not appear to comply with the typography requirements set forth in the Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)). See Local Rule 1.08(a)-(b). As such, the Court directs all counsel of record in this case to review the requirements set forth in Local Rule 1.08 and ensure that all future filings are in compliance with this and all other Local Rules. Going forward, filings which do not comply with this or any other Local Rule may be stricken.

Last, the Court reminds Plaintiff's counsel of his obligation under Rule 11 to ensure that the factual contentions in the Complaint "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . ." See Rule 11(b)(3). Plaintiff in this action is Daishalynn Acosta, as personal representative for the Estate of Jimmy Acosta, and at the outset of the Complaint, counsel refers to Daishalynn Acosta as "Plaintiff," and Jimmy Acosta as "Decedent." See Complaint at 1-2. According to the Complaint, the allegedly defective medical device was implanted in Decedent. See id. ¶ 59. Yet, throughout the Complaint, counsel refers to "Plaintiff" as the individual

suffering injuries such as "disability and impairment" and refers to Defendants' failure to warn "Plaintiff" and "Plaintiff's physicians" of the risks from the device. See, e.g., id. ¶ 86, 93.

This sloppy drafting is bad enough, but even assuming counsel intended the term Plaintiff to refer to Decedent, the allegations in the Complaint are still nonsensical. It is difficult to discern how counsel could certify under Rule 11 that he has a good faith basis for alleging that Decedent, who died on August 18, 2020, has "injuries that will continue into the future," id., e.g., ¶¶ 8, 134, or "has suffered and will continue to suffer serious physical injuries, pain and suffering, mental anguish, medical expenses, economic loss, loss of enjoyment of life, disability, and other losses . . . ." Id. ¶ 188 (emphasis added). It certainly strains credulity to suggest that Decedent's alleged emotional trauma "will continue into the future," or that Decedent will incur any "future" medical bills "related to care" because of the allegedly defective medical device. Id. ¶ 281 (emphasis added). Indeed, one can only wonder how it is possible that Decedent "requires and will continue to require healthcare and services," or how he "will continue to suffer diminished capacity for the enjoyment of life, a diminished qualify of life, increased risk of premature death, aggravation of preexisting conditions, activation of latent conditions, and other losses and damages." Id. ¶ 309. It appears counsel has simply plugged a new name into an old form complaint without reading or revising the pleading to conform to the facts of

this case. This is altogether unacceptable and counsel is cautioned that he risks the imposition of sanctions if greater care is not taken to ensure full compliance with Rule 11 in his filings going forward.

In light of the foregoing, it is

**ORDERED**:

1. The Complaint and Demand for Jury Trial (Doc. 1) is **STRICKEN**.

2. Plaintiff shall file a corrected complaint[4] consistent with the directives of this Order on or before **May 26, 2023**. Failure to do so may result in a dismissal of this action.

3. Defendants shall respond to the corrected complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville, Florida on May 5, 2023.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:
Counsel of Record

---

[4] The filing of the corrected complaint does not affect any right Plaintiff may have to amend as a matter of course pursuant to Rule 15(a)(1).